IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CASEY TYRONE SLEDGE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:13-CV-065 |
| | § | |
| WILLIAM STEPHENS, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO GRANT MOTION TO DISMISS AND TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner CASEY TYRONE SLEDGE has filed with this Court a petition for a writ of habeas corpus challenging the revocation of his deferred adjudication probation following his Potter County conviction for sexual assault of a child. On August 23, 2013, respondent filed a Motion to Dismiss the petition. According to respondent, after petitioner filed the instant habeas corpus petition, the State filed, in state court, a Motion to Rescind Judgment Adjudicating Guilt and Discharge the Imposition of Sentence. The state court granted the motion and petitioner was released from state custody two days later.

Following receipt of respondent's Motion to Dismiss, the Court issued an Order to Advise directing petitioner to indicate whether he opposed the Motion to Dismiss following recession of the state court judgment and his release from custody. Petitioner's response to that order was due September 12, 2013. As of this date, the Court has not received any response from petitioner.

Article III, § 2, of the Constitution requires litigants continue to have a personal stake in the outcome of a suit throughout all stages of federal judicial proceedings. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Id.* (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990)). An inmate who has been released meets the case or controversy requirement when he demonstrates "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction[.]" *Id.* at 7, 118 S.Ct. at 983.

Respondent has released petitioner Sledge from incarceration. Mr. Sledge has not indicated to the Court whether he suffers from any continuing restraints subsequent to the State's rescission of the Potter County judgment adjudicating guilt. Petitioner has failed to show a concrete and continuing injury which can be addressed in a habeas corpus action.[1] *See id.*, 118 S.Ct. at 983.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that Respondent Stephens's Motion to Dismiss as Moot be GRANTED and the petition of a writ of habeas corpus filed by petitioner CASEY TYRONE SLEDGE be DISMISSED.

---

[1] This Report and Recommendation does not address, and there is presently no claim before this Court alleging, any claim of civil rights violations.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO ORDERED.

ENTERED this 18th day of September, 2013.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).